**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

In re STIFEL CASH SWEEP LITIGATION )
                                                ) CASE  NO. 4:25CV324HEA
                                                ) CONSOLIDATED CLASS
                                                ) ACTION

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Kiesling and Williams' Motion for Appointment of Interim Class Counsel [Doc. No. 38], and Plaintiff Briarwood, Investments, Inc.'s Motion to Appoint Interim Lead Counsel and Memorandum in Support, [Doc. No. 40]. The filers each oppose the others' motion. For the reasons set forth below, the Court appoints Robbins Geller Rudman & Dowd LLP as interim lead counsel.

The plaintiffs move for appointment of Interim Lead Counsel under Federal Rule of Civil Procedure 23(g)(3). Briarwood requests that the Court appoint as Interim Lead Counsel: Robbins Geller Rudman & Dowd LLP; Plaintiffs Kiesling and Williams request the Court appoint Simmons Hanly Conroy LLP ("SHC"), Berger Montague PC ("BMPC"), and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G").

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the Court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation— Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id*.

In deciding a motion to appoint interim class counsel under Rule 23(g), "[n]o single factor is determinative; all factors must be weighed to assess who can

2

best represent the class." *Chen v. Target Corp.*, No. CV 21-1247 (DWF/DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021) (citing Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment). The decision to appoint interim class counsel is within the Court's discretion. *Chen*, 2021 WL 6063632, at *2 (citation omitted). The Court agrees that the appointment of interim class counsel is in the best interests of the putative classes.

Under Federal Rule of Civil Procedure 23(g)(3), the Court may designate interim class counsel before determining whether to certify a class. "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (citation omitted). When considering the appointment of interim class counsel, courts consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. *Niosi v. Eisner Advisory Grp. LLC*, No. 25-CV-1409 (LMP/DTS), 2025 WL 1502938, at *1 (D. Minn. May 27, 2025); *Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-cv-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014) (citing Fed. R. Civ. P. 23(g)(1)(A)).

3

Considering the four factors, the Court recognizes that counsel advocated in each of the motions is competent and well qualified to act as lead counsel. The Court is assured that each of the proposed lead counsel, together with their respective firms, could be appointed as interim lead counsel. The Court finds the consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the briefs and accompanying resumes, proposed Interim Lead Counsel is comprised of extremely experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, and resources they are willing to expend to litigate this case. Proposed Interim Counsel Robbins Geller was the first to file cases arising out of issues presented in this putative class action case, and has been involved in investigating, prosecuting, and coordinating this litigation, including preparing and filing the instant motion. Simmons Hanly Conroy LLP ("SHC"), Berger Montague PC ("BMPC"), and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G," collectively "Sweeps Counsel" have likewise been involved in investigating, prosecuting, and coordinating this litigation, including preparing and filing the instant motion.

The determining factor for the Court, however, is the single firm rather than multiple firms to represent the class and subclasses of plaintiffs. "Appointing multiple firms as co-lead counsel runs the risk of 'duplicative services and the

concomitant increase in attorneys' fees.' *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998)". *Niosi v. Eisner Advisory Grp. LLC*, No. 25-CV-1409 (LMP/DTS), 2025 WL 1502938, at *2 (D. Minn. May 27, 2025).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kiesling and Williams' Motion for Appointment of Interim Class Counsel [Doc. No. 38], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Briarwood, Investments, Inc.'s Motion to Appoint Interim Lead Counsel and Memorandum in Support, [Doc. No. 40], is **GRANTED**.

**IT IS FURTHER ORDERED** Robbins Geller Rudman & Dowd LLP is appointed as Interim Lead Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities inherent to that position.

**IT IS FURTHER ORDERED** that any Plaintiffs' counsel will perform work in this litigation only at the direction of Interim Lead Counsel. No motion, request for discovery, or other pre-certification proceedings shall be initiated or filed by any Plaintiff except through Interim Lead Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Lead Counsel.

**IT IS FURTHER ORDERED** that Interim Lead Counsel shall have sole authority to communicate with Defendants' counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel.

**IT IS FURTHER ORDERED** that Defendants' counsel may rely on all agreements made with Interim Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Interim Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service or expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Lead Counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions.

Dated this 18th day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE